Tagged

ORDERED in the Southern District of Florida on ___11/17/09___.



_Raymond B. Ray_
Raymond B. Ray, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

In re:                                                           Case No. 09-17414-BKC-RBR

WILHELMINA DUMFORD,                              Chapter 7

Debtor.
_____/

## ORDER GRANTING MOTION TO STRIKE TRUSTEE'S
## NOTICE OF AMENDMENT TO THE WILHELMINA D. DUMFORD TRUST

THIS MATTER came before the Court for hearing on August 13, 2009, upon the Motion to Strike Trustee's Notice of Amendment to the Wilhelmina D. Dumford Trust (the "Motion to Strike") [D.E. 32], filed by the Debtor. The Court will grant the Motion to Strike.

Background and Procedural History

The facts of this case are undisputed. In or about 1996, the Debtor purchased a condominium in Pembroke Pines, Florida (the "Condo"), which she claimed as her homestead. On or about March 28, 2001, the Debtor executed the Wilhelmina D. Dumford Revocable Living Trust (the "Trust")[1] and the last Will and Testament of Wilhelmina D. Dumford. Schedule A of the Trust lists the Condo in a description of Trust property. Article Three of the Trust provides the Debtor with the power to revoke or amend the Trust "while [the Debtor is] living and competent." Pursuant to Article Four of the Trust, the Debtor granted herself a life estate

---

[1] A copy of the Trust is attached as Exhibit A to the Motion to Strike.

Page 1 of 3

interest in the Condo.

The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on April 22, 2009 (the "Petition"). On May 31, 2009, the Debtor died testate at the age of 88. On June 15, 2009, Chapter 7 Trustee Marika Tolz (the "Trustee") filed the Notice of Filing Amendment to the Trust (the "Notice") [D.E. 29]. The Notice states that the Trustee had amended the Trust so as to make the bankruptcy estate its sole beneficiary. The Debtor filed the Motion to Strike on June 30, 2009, and the Trustee filed a response thereto on August 10, 2009 [D.E. 38]. The parties filed a joint stipulation of facts on September 22, 2009 [D.E. 40]. Interested party Jean Dumford filed a further response to the Notice on November 10, 2009 [D.E. 55].

## Conclusions of Law

The issue before the Court is whether the Trustee retains the power to amend the Trust following the death of the Debtor.

Pursuant to 11 U.S.C. § 541(a), the commencement of a bankruptcy case creates an estate. This estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," subject to certain exceptions. 11 U.S.C. § 541(a)(1) (2009). Upon the filing of the Petition, the power of the Debtor to revoke or amend the Trust thus became property of the estate. See Askanase v. Livingwell, Inc., 45 F.3d 103, 106 (5th Cir. 1995) ("What comes to the bankruptcy estate is not only the property in which debtor has an interest, but also, the powers the debtor can exercise for its own benefit over property regardless of the title debtor may be acting under.") (citation omitted).

Notwithstanding its broad scope, § 541(a)(1) limits property of the estate to those interests that the Debtor possesses at the commencement of the case. See In re Engman, 395 B.R. 610, 617 (W.D. Mich. 2008) ("...'property of the estate' is limited only to what the debtor himself had owned in that property."). The property interest of the Debtor that allowed her to

revoke or amend the Trust was not absolute; it was contingent upon the Debtor being "living and competent." The bankruptcy estate inherited that interest subject to the same limitations, and the Trustee cannot now amend the Trust after the Debtor has deceased.

The Trustee has cited several cases in support of the proposition that powers which a debtor can exercise for its own benefit over property may become property of the estate and subject to the control of a bankruptcy trustee. See *Askanase*, 45 F.3d at 106; *Cutter v. Seror (In re Cutter)*, 398 B.R. 6 (9th Cir. Bankr. App. Panel 2008); *West v. Parker (In re Watson)*, 325 B.R. 380 (Bankr. S.D. Tex. 2005); *Osherow v. Porras (In re Porras)*, 224 B.R. 367 (Bankr. W.D. Tex. 1998) [D.E. 38 at pp. 2–7]. The Court does not disagree with that proposition.

The issue here, however, is not whether the Debtor's interest in the Trust became property of the bankruptcy estate—it did. The issue is the extent of that interest. "In interpreting the terms of a trust, 'resort is had in the first place to the instrument, if any, under which the trust is created. As to any matter expressly covered by the instrument, the provisions of the instrument, if unambiguous, determine the terms of the trust.'" *Askanase*, 45 F.3d at 106 (quoting IIA Scott on Trusts § 164.1 at 253 4th ed. 1987). The terms of the Trust are clear: the Debtor could revoke or amend the trust so long as she was living and competent. Those preconditions can no longer be satisfied, and it is therefore

**ORDERED** that the Motion to Strike [D.E. 32] is **GRANTED**. The Notice [D.E. 29] is **STRICKEN**.

###

The Clerk shall provide copies to:

David Carter, Esq.

*Attorney Carter is directed to serve a conformed copy of this order upon all interested parties and to file a certificate of service in accordance therewith.*